HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY G. LUKEN III,

Plaintiff,

v.

CHRISTENSEN GROUP INCORPORATED, *et al.*,

Defendants.

CASE NO. C16-5214-RBL

ORDER ON LUKEN'S MOTION TO STRIKE AND DISMISS

[Dkt. #39]

THIS MATTER is before the Court on Plaintiff Luken's Motion to Strike and Dismiss [Dkt. #39] The case is primarily a complicated business dispute involving the ownership and operation of, Christensen Yachts, a high end Vancouver yacht manufacturer. Luken's 34 page Motion seeks to strike portions of Christensen's "very aggressive" 45 page Answer, claiming it was crafted to sound like a press release. Under Fed. R. Civ. P. 12(f)'s mechanism for striking "immaterial, impertinent or scandalous" matter, Luken asks the Court to comb through the Answer (and the Complaint in the consolidated case, *Christensen v Lukin*, Cause No. 16-cv-5413RBL) and strike portions of the following paragraphs:

Defendants' Answer, paragraphs: 1-19, 20-28, 30, 31, 37, 39-47, 50, 53, 56, 61-67, 69-73, 75-88, 90-141, 144-46, 148, 168-70, 171-76, 197-200, 222-26.

Consolidated Complaint, paragraphs: 1-17, 21, 24-32, 34-35, 41-51, 54, 57, 59, 62, 65-70, 73-112, 115, 117-145, 148-50, 155, 156.

[Dkt. #39 at 2]

Luken primarily disputes Christensen's word choices. He objects to and seeks to strike words and phrases like "stealing" very rich friends" "financial ruin" "buying assets on the cheap" "putting hundreds out of work" destroying the family's legacy" "skimming profits" corporate raider" "plundered" and "flaunted his wealth."

He also argues that Christensen's pleading are replete with allegations of "mere evidence, much of which is not even admissible"; allegations that are defamatory or unprofessional, immaterial and nonsensical, and the like. He also asks the court to construe the parties' Stock Purchase Agreement, and asks it to Strike Christensen's version claimed interpretation as "incorrect as a matter of law." The remainder of Luken's motion contains similar fly-specking: (he claims it is improper to reserve the right to amend, and asks the Court to strike that language) or what is effectively a motion for summary judgment or at least a Rule 12(b)(6) motion on various other claims and defenses (unclean hands, business judgment rule, laches, limitations period, etc.) It contains very few actual factual allegations and even fewer legal citations. Luken generally asks the Court to "clean up " Christensen's pleadings.

Under Rule 12(f), the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike under Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co*., 618 F.3d 970, 973 (9th Cir.2010) (quotation and citation omitted). To

determine whether to grant a motion to strike under Rule 12(f), the court must determine whether the matter the moving party seeks to have stricken is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Id*. at 973–74.

Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystem, Inc*., 758 F.Supp. 1335, 1339 (N.D.Cal.1991). When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec Lit*., 114 F Supp.2d 955, 965 (C.D.Cal.2000). A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action. *Id*.

A Motion to Strike generally will not be granted simply because an allegation is offensive. Inappropriately hyperbolic allegations, ill conceived attempts at levity, and other similar manifestations of bad judgment in drafting pleadings, by themselves, fall short of the threshold that Rule 12(f) contemplates. *See Saylavee LLC v. Hockler* (228 F.R.D. 425 (D.Ct. 2005); *see generally* W. Schwarzer, W. Tashima & M. Wagstaffe, *Federal Practice Before Trial*, §9:383.5 (Rutter 2011).

While there may be a few adjectives or adverbs in the pleadings that are not or will not be supportable, allegations are not evidence. And the Court cannot determine at this stage whether a given allegation—say, Luken's wealth or motivation—is relevant, or whether Christensen can ultimately prove it, if it is. The Court certainly cannot determine at this stage what the legal effect of the Stock Purchase Agreement is; Luken's motion is akin to one for summary judgment, at the pleading stage.

This case so far looks like a factually rich, complicated, and hard-fought battle over money and more. It will be a challenge to try efficiently, and this motion is a step away from that already hard-to-meet goal. The challenges that are important can be addressed through a motion for summary judgment supported by actual evidence, which more than likely will follow discovery.

The Motion to Strike is DENIED.

IT IS SO ORDERED.

Dated this 11th day of October, 2016.

Ronald B. Leighton
United States District Judge