HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY G LUKEN III,

Plaintiff,

v.

CHRISTENSEN GROUP INCORPORATED,

Defendant.

CASE NO. C16-5214RBL

ORDER

THIS MATTER is before the Court on the Christensen Defendants' Motion for Partial Judgment on the Pleadings. [Dkt. #59]

This is the second motion seeking to streamline the allegations and claims in this complicated case. Plaintiff Luken was both a shareholder in and a customer of Christensen[1] Shipyards, LTD., a Vancouver builder of (very) high end yachts. The arrangement was

[1] CSL and its (non-Luken) owners and officers are the defendants, and counterclaimants. The moving defendants are the Christensen Group Incorporated (which owned the land upon which the shipyard operated), David Christensen (CEO and a director), and Pat Withee (Secretary and a director). Defendant Dean Anderson (the shipyard's CFO and a director) moves to join in the Motion [Dtk. #61]. That Motion is GRANTED. Another Defendant, Joe Foggia (President) has not joined in the Motion.

unsuccessful on all levels. The company went into receivership and Luken ultimately purchased its assets. This litigation involves claims between Luken and CSL and its owners and officers, trading allegations about why it all went wrong and who is financially responsible, to whom.

Luken alleges that CSL (aided and abetted by the Christensen defendants) breached its fiduciary duties to him (and to another yacht buyer, Indian Marine[2]) when it failed to build and deliver two yachts for which they had paid substantial progress payments ($21 million and $8.5 million, respectively).

Christensen seeks dismissal of Luken's breach of fiduciary duty claim, arguing that there is no viable claim that a corporation owes its customers any sort of fiduciary duty, as a matter of law.

Luken also claims that CSL and the Christensen defendants violated the Washington Fraudulent Transfers Act by acting to "hinder delay or defraud" him and other creditors. Generally, he claims they diverted all but $5 million of his deposit (and all of Indian Marine's deposit), but as the defendants point out, at the time he filed he was not able to identify where the money went.

Christensen seeks dismissal of this claim because it requires an allegation of "actual intent," and because any fraud claim must be pled with specificity under Fed. R. Civ. P. 9(b).

Finally, Luken asserts a Washington Consumer Protection Act Claim, alleging that Christensen's unfair business practices deceived him. Christensen argues that CSL's relationship with Luken was unique and even if the other elements were met, Luken cannot plausibly allege that its conduct toward Luken had the "capacity to deceive a substantial portion of the public."

---

[2] Luken is apparently the assignee of Indian Marine's claims.

Christensen seeks dismissal of these three claims on the pleadings, without leave to amend. Luken opposes dismissal on the merits of each claim, but primarily seeks leave to amend to cure any defects in his claims. He emphasizes the lack of discovery and information available to him when he filed the complaint in state court.

**A. Legal Standard.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); S*prewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d

1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc*., 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv*., 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**B. Breach of fiduciary duty claim.**

Luken's complaint broadly alleges breach of fiduciary duty claims under RCW 23B.08.300 and .420. His Response to Defendants' Motion describes multiple sets of fiduciary duties, and breaches: First, he claims that CSL became his agent (and thus a fiduciary) when it accepted his deposit and agreed to use it only for the construction of his yacht. He similarly claims that the director defendants became his agents (and thus fiduciaries) when he placed trust and confidence in them, individually, to take care of and properly apply his deposit. Luken also claims that CSL, acting through the defendant corporate officers, "fraudulently overbilled Indian Marine and misappropriated roughly $4 million of its payments."

Luken's Response also asserts that the corporate officers owed "statutory fiduciary duties" (presumably, to him, as a customer or a shareholder) but that the assertion is not supported by a citation to any such statute. Similarly unsupported is his allegation that as legal "persons," all corporations "owe fiduciary duties." Luken seeks leave to amend in lieu of dismissal of his fiduciary duty claims, under his revised common law "agent" or "trust" fiduciary claims, described above.

Defendants argue that Luken has not pled and cannot plausibly plead a claim for breach of fiduciary duty under the cited statutes or otherwise—corporate officers owe various duties *to the corporation* and its shareholders, but Luken and Indian Marine were instead simply customers. They argue that a corporation itself does not owe fiduciary duties to anyone, and certainly not to its customers. Thus, they claim, Luken's breach of fiduciary duty claim against CSL, and his parallel "aiding and abetting" claim against the director defendants, fail as a matter of law—and they point out that Luken concedes as much.

They argue that Luken's newly-described common law breach of fiduciary duty claims are similarly fatally flawed, and that the Court should deny his request for leave to amend to plead them.

Leave to amend a complaint under Rule 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "**bad faith**, undue **delay**, **prejudice** to the opposing party, **futility** of amendment, and whether the plaintiff has **previously amended** the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052.

Only the futility element is at issue here. A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL

1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

Defendants argue, accurately, that a seller/customer arrangement seldom gives rise to fiduciary duties, particularly where the buyer is demonstrably sophisticated, as Luken surely was:

> As a general rule, participants in a business transaction deal at arm's length and do not enter into a fiduciary relationship. *Annechino v. Worthy*, 162 Wn. App. 138, 143 (2011), *aff'd*, 175 Wn.2d 630 (2012); *Seattle pNW Sec. Corp. v. SDG Holding Co., Inc*., 61 Wn. App. 725, 737 (1991) ("participants in a business transaction deal at arm's length."). Although a "quasi-fiduciary relationship" can sometimes arise, it only arises if one party "occupies such a relation to the other party as to justify the latter in expecting that his interests will be cared for." *Liebergesell v. Evans*, 93 Wn.2d 881, 889-90 (1980); *Annechino*, 162 Wn. App. at 143; *Pope v. Univ. of Wash.*, 121 Wn.2d 479, 492 (1994).

[Dkt. #65 at 6]

Defendants argue that the claims should be dismissed, without leave to amend, because Luken cannot plead different or additional facts that would make any of his breach of fiduciary duty claims plausible.

The defendants argue that Luken's proposed "agency" breach of fiduciary duty claim is dead on arrival, and should not be permitted. They argue, again correctly, that the two elements of agency are mutual *consent*, and *control* by the principal of the agent. *See Uni-Com NW., Ltd.*, 47 Wash. App. 787, 796 (1987). Luken has not suggested, much less pled, that the parties agreed that CSL or its officers agreed to be Luken's agent, or that he agreed to be their principal, and such a claim is inconsistent with the facts alleged elsewhere. Nor can Luken plausibly allege that he had the requisite control over the defendants to make them his agent. A principal-agent relationship is not typically created by a buy-sell agreement, or where the "asserted principal's only authority is to supervise whether the agent's performance conforms to a contract." *See*

*Bloedel Timberlands Dev., Inc. v. Timber Industries, Inc.*, 28 Wash. App. 669, 674 (1981). The defendants emphasize that the relationship was instead an arm's-length one between a yacht builder and a sophisticated yacht buyer.

Defendants also argue that the factual claim that Luken "trusted" them to handle his deposit properly is insufficient as a matter of law to create a fiduciary relationship or duty. *Micro Enhancement International, Inc. v. Cooper's & Lybrand LLC*, 110 Wash. App. 412 (2002) ("after all, we trust most people with whom we choose to do business.")

Defendants argue that holding funds for a given purpose (such as a deposit) does not by itself create a trust or a fiduciary relationship. Instead, the plaintiff must plausibly plead that the parties intended to create a trust and a trust relationship—not merely that one party "trusted" the other. *See Thompson v Atlantic Richfield Co.*, 673 F.Supp. 1026, 1028 (W.D. Wash. 1987). And they point out that Luken expressly denies that he and the defendants agreed to create any sort of trust arrangement.

In light of what he has already pled, Luken cannot plausibly amend to plead a breach of fiduciary duty claim based on an alleged agency relationship, or a trust relationship between any defendant and Luken. Defendants' Motion for Judgment on the Pleadings on this claim is GRANTED. Luken's breach of fiduciary duty claims as pled are DISMISSED, without leave to amend them to assert a common law breach of fiduciary duty claim based on an agency or trust relationship.

**C. Fraudulent transfer claim.**

Luken concedes that he has not properly pled a WFTA claim. Defendants argue that he is required to do so with specificity, and that he has had all of the information he needs to do so since the time he filed, if he could. They do not strenuously argue that it would be futile for him to do so. The Court cannot deny leave to amend on that basis. Luken's WFTA claim as pled is

DISMISSED but his request for leave to amend on this claim is GRANTED. Luken should file an amended complaint re-pleading this claim within 21 days of this Order.

**D. Consumer Protection Act claim.**

In order to sustain a claim under the Washington CPA, a plaintiff must plead and ultimately prove five elements: (1) the defendant engaged in an unfair or deceptive act or practice, (2) the act occurred in trade or commerce, (3) the act affects the public interest, (4) the plaintiff suffered injury to his business or property, and (5) the injury was causally related to the act. *Trujillo v. NW Trustee Servs., Inc*., 183 Wn.2d 820, 834-35 (2015); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d 778, 780 (1986).

The Christensen defendants argue that Luken has failed to plead any of these elements, and that he cannot plausibly plead a deceptive act, or that any such act had the requisite “capacity to deceive a substantial portion of the public.” *Hangman Ridge* at 785. They argue that the public has no interest in a private, complicated contractual relationship between a yacht builder and its billionaire part owner/customer.

Luken seeks leave to amend to more fully allege his CPA claim, and argues that he has viably and adequately alleged that Christensen engaged in “a longstanding fraudulent scheme where they misrepresented the status of completion of vessels,” and obtained excessive payments and deposits. He relies primarily on an order from this Court denying summary judgment on what they argue is a similar claim, where a yacht builder misrepresented to its customers virtually everything about its experience and ability to construct yachts. *See EMT v Pedigree Cats, Inc*., C13-5044RBL (2014), at Dkt. #14.

Defendants respond that a plausible CPA claim must allege that there is a “real and substantial potential for repetition, not just the hypothetical possibility” of the repetition of an unfair or deceptive act. *Citing Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604 (2009). They

point out that Luken himself has alleged that CSL is in receivership, has ceased operations, employs none of the defendants, and is now owned by Luken.

They also argue that the complicated, lengthy transaction between CSL and one of its customers (who was also, uniquely, a shareholder) has no possibility of repetition. They do not argue, but the Court notes, that there are only 40 or so of these vessels in existence, and their acquisition, even used, is well beyond the realm of possibility for all but a tiny fraction of the population—that is undoubtedly part of their allure. It is simply not plausible that a "substantial portion" of "the public" would ever be in a position to fall for any deceptive act during the construction of a new Christensen yacht as alleged in this case.

There is not even a hypothetical possibility of the repetition of the deceptive breach of which Luken complains, and even if there was it does not have the ability to affect a substantial portion of the public in the same manner. The Motion for Judgment on the Pleadings on Luken's Washington CPA claim is GRANTED and that claim is DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated this 16th day of March, 2017.

Ronald B. Leighton
United States District Judge