|   |   |   |
|---|---|---|
| 1 | | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY G LUKEN III,

           Plaintiff,

   v.

CHRISTENSEN GROUP INCORPORATED, et al.,

           Defendant.

CASE NO. C16-5214RBL

ORDER ON MOTIONS FOR RECONSIDERATION AND FOR LEAVE TO AMEND

[Dkt. #s 75, 76, 80]

THIS MATTER is before the Court on Plaintiff Luken's Motion for Reconsideration [Dkt. #75] of the Court's Order [Dkt. #74] dismissing his[1] "breach of fiduciary duty" claims, based on a newly-discovered statute (RCW 88.02.770) that he claims requires boat dealers to hold customer deposits "in trust." Also before[2] the Court is Luken's related Motion to Amend his Complaint [Dkt. #76]. Luken seeks to add a claim under this statute, and to add 2 new parties and 13 other new claims. He seeks to add Christensen Shipyards LLC as a plaintiff, asserting

---

[1] Luken asserts parallel claims on behalf of another CSL customer, Indian Marine, which has apparently assigned its claims to him. The Court's rulings in this Order apply to both sets of claims.

[2] Defendant Christensen Group also filed a "Motion to Join" in the other Defendants' opposition [Dkt. #80] to the Motion for Reconsideration. That Motion is GRANTED.

ORDER - 1

claims related to its predecessor's (CSL)'s lease from Defendant CGI. Adding CSLLC as a plaintiff would destroy this court's diversity jurisdiction.

The Defendants oppose reconsideration on (and amendment to add) the statutory fiduciary duty claim. They argue that the statute is not applicable—Luken was an owner and member of the Board, not a regular "customer," and he did not make a cash deposit—and that Luken's effort to revive his fiduciary duty claim based on a newly-discovered statute is time-barred and futile. They also oppose the amendment to add Christensen Shipyards, LLC's new claims, because the case was filed more than a year ago and the deadline for adding parties passed last fall. The trial is scheduled for February 16, 2018. They claim that discovery and motions practice has been ongoing—*eight terabytes* of data has already been produced—and that they will be prejudiced if Luken is permitted to now add parties and claims requiring them to start anew. They also argue that the newly-named parties and the newly- asserted claims would be futile.

Motions for Reconsideration are disfavored, and will ordinarily be denied absent a showing of manifest error, or a new factual or legal basis which could not have been raised earlier. Local Rule 7(h).

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian*

*Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

The Motion for Reconsideration of the Order dismissing the fiduciary duty claims is **GRANTED** to the limited extent that Luken will be permitted to assert such a claim based on RCW 88.02.070. The other fiduciary duty claims remain dismissed. Defendants may attack the viability of this claim through motions practice.

Luken's related Motion to Amend his complaint to add this state law claim is also **GRANTED**.

Luken's Motion to Amend to add CSLLC (or to allow it to "intervene") as a plaintiff, nine months after the deadline for doing so, and where adding CSLLC would destroy this court's diversity jurisdiction, is **DENIED**.

Luken's Motion to Amend to add a rescission/reformation claim, seeking to unwind Luken's 2003 stock purchase from non-party (and now-defunct) CSL [the Second Claim for relief in Lukens' proposed second amended complaint] is also **DENIED**.

Defendants argue that permitting Luken to assert other new claims—a claim based on a 2001 guaranty, and a sort of equitable subordination claim—would be futile. They argue, for example, the guaranty at issue was not intended to apply as broadly as Luken now claims, and that the subordination claim is really an affirmative defense to a counterclaim. These arguments may ultimately be correct. But they are summary judgment-type arguments; the claims are not

facially so deficient that the Court can say it would be futile to add them now. The Motion to Amend to assert these additional claims is **GRANTED**.

The proposed second amended complaint asserts a variety of additional claims, but the Defendants' Response does not specifically address them (other than to argue that all are too late and prejudicial). Leave to amend to assert these "un-discussed" claims is **GRANTED**.

Luken should file a second amended complaint consistent with this Order within 10 days. Leave for any additional amendments is unlikely. The Court will entertain a motion for relief from pending deadlines based on the new complaint.

IT IS SO ORDERED.

Dated this 15th day of June, 2017.

Ronald B. Leighton
United States District Judge