UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY G. LUKEN III, | CASE NO. C16-5214 RBL |
| Plaintiff, | |
| v. | ORDER ON MOTION FOR PROTECTIVE ORDER [DKT. 98] AND MOTION TO COMPEL [DKT. 105] |
| CHRISTENSEN GROUP INCORPORATED, et al. | |
| Defendants. | |

THIS MATTER is before the Court on Defendants'[1] Motion for Protective Order [Dkt. 98] and Plaintiff Henry G. Luken First Motion to Compel Discovery [Dkt. 105]. Defendants seek a protective order, claiming Luken's forty-seven pages of interrogatories and document production requests are vague, overly broad, impose an undue discovery burden, and violate the Federal Rules of Civil Procedure as well as the Local Civil Rules governing discovery. Luken opposes the motion for protective order and seeks to compel Defendants' responses to his interrogatories, requests for production, and subpoenas. Both sides criticize the tactics of the other for making the discovery process unnecessarily contentious.

---

[1] Christensen Shipyards, LTD and its (non-Luken) owners and officers are the defendants and counterclaimants in this case.

# I. BACKGROUND

Luken was both a shareholder in and a customer of Christensen Shipyards, LTD (CSL), a Vancouver, WA based builder of luxury yachts. The arrangement was unsuccessful on all levels. CSL went into receivership in 2015 and Luken ultimately purchased its assets. This litigation involves complex claims between Luken and CSL and its owners and officers, trading allegations about why it all went wrong and who is financially responsible, to whom.

Discovery has been a protracted and antagonistic process. The Court has previously granted Defendants' motion to compel Luken to provide initial disclosures and produce documents [Dkt. 46] and has compelled Luken's responses to interrogatories [Dkt. 73]. The Court is again called upon to settle a completely avoidable discovery dispute.

# II. LEGAL STANDARD

The Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington govern the discovery process. Fed. R. Civ. P. 26(b)(1) provides:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Local Civil Rules advise that "[t]he proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in every case when parties formulate a discovery plan and promulgate discovery requests. To further the application of the proportionality standard in discovery, discovery requests and related responses should be reasonably targeted, clear, and as specific as possible." Local Rules, W.D.Wash. 26(f).

In circumstances where a party abuses the discovery process, Fed. R. Civ. P. 26(c)(1) permits a party from whom discovery is sought to move for a protective order to safeguard the

party from annoyance, embarrassment, oppression, or undue burden or expense. Conversely, a party may move to compel disclosure or a discovery response if an opposing party fails to provide the sought-after discovery. Fed. R. Civ. P. 37(a).

## III. ANALYSIS

### A. Defendants' Motion for Protective Order [Dkt. 98]

Defendants argue that Luken's contention interrogatories are overly broad. Defendants estimate that responding to Luken's interrogatories and requests for production would take between 350 to 450 hours of attorney and paralegal time and would cost hundreds of thousands of dollars. Defendants contend that much of the information Luken seeks is already available in the detailed pleadings and in the discovery already produced.

Luken asserts that his interrogatories are proper because they ask relevant questions about Defendants' defenses and counterclaims, and that Defendants have no legitimate excuse for refusing to answer.

Numerous federal courts, including this one, have held that contention interrogatories which "systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007); *see also Olson v. City of Bainbridge Island*, 2009 WL 1770132, at *4 (W.D. Wash. June 18, 2009) (upholding "overly broad" objection to contention interrogatory which requested "all facts and all evidence" supporting a particular allegation); *Advocare Int'l, L.P. v. Scheckenbach*, 2009 WL 3064867, at *1 (W.D. Wash. Sept. 24, 2009).

The Court has reviewed Luken's forty-seven pages of interrogatories and requests for production. Luken's blanket discovery requests are in fact overly broad and do not comport with

Rule 26's proportionality standard or Rule 33's limit on the number of interrogatories a party may serve. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 33(a)(1) ("a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.").[2] In Interrogatory No. 8, for example, Luken seeks the disclosure of "all material facts" supporting a particular claim. This "single" interrogatory contains seventeen subparts comprising almost four typed pages. Dkt. 99 at 23–26. In addition to violating the Federal Rules of Civil Procedure, this interrogatory does not meet the Local Civil Rules requirement that discovery requests be "reasonably targeted, clear, and as specific as possible." Local Rules, W.D.Wash. 26(f).

Defendants have already produced over eight terabytes of data comprising over 90,000 pages of documents in discovery. Luken acknowledges that he has not even gone through the vast majority of discovery available to him, yet he seeks additional discovery through his overly broad contention interrogatories. Dkt. 105 at 13 n.6. The Court determines that Luken's interrogatories are neither proportional nor reasonably targeted, especially when considering the amount of discovery already available to him. Luken's contention interrogatories would subject Defendants to annoyance, undue burden, and expense far outweighing the likely benefit. Pursuant to Fed. R. Civ. P. 26(c)(1), the Court **GRANTS** Defendants' Motion for Protective Order [Dkt. 98] and **STRIKES** Luken's second set of interrogatories and the accompanying requests for production.

---

[2] Luken directs each Defendant to answer all interrogatories, and then attempts to bypass Fed. R. Civ. P. 33 by provisionally assigning certain interrogatories to certain defendants, all the while suggesting that each defendant is responsible for all answers because Defendants are represented by the same law firm. Dkt. 99 at 2.

**B. Luken's Motion to Compel [Dkt. 105]**

Related to the same discovery breakdown, Luken moves to compel Defendants' compliance with eight specific requests for document production, subpoenas, ESI, interrogatories, and scheduling of depositions. Defendants argue that the motion is unnecessary and that Luken is moving for a blanket order compelling compliance with all of his discovery requests regardless of the sufficiency of Defendants' production. Defendants contend that Luken's attorney has not made any meaningful efforts to meet and confer with opposing counsel.

Having reviewed the parties' respective briefings, it appears that Defendants have sufficiently responded to the production requests that Luken seeks to compel compliance with. The Court briefly summarizes each of Luken's eight requests and rules as follows:

- **Request No. 1** – Luken requests that the Court compel Defendants' compliance with the ESI discovery agreement, contending that Defendants have not identified the custodians of electronic records or the search terms used to examine those records. The record does not support this contention. Unlike Luken,[3] the Defendants are largely in compliance with the ESI discovery agreement, having identified custodians and produced voluminous amounts of ESI in this case. **DENIED**.

- **Requests No. 2 and 3** – Luken requests that the Court compel Defendants' compliance with his first and second sets of requests for production. Defendants assert that they have produced all relevant documents and are not knowingly withholding any non-privileged materials. **DENIED**.

- **Requests No. 4 and 5** – Luken requests the Court compel compliance with his subpoenas of former CSL attorneys Kit Jensen and Casey Marshall. Luken asserts that he has not received any substantive responses from Jensen or Marshall, and that any claim of attorney-client privilege between Jensen/Marshall and CSL is now controlled by Luken as the Director of CSL. Both Jensen and Marshall responded,

---

[3] The Court has previously ordered Luken to comply with the Model Agreement Regarding the Discovery of ESI. Dkt. 46.

objecting to the extent that the subpoenas sought privileged materials or documents already under Luken's control. Dkt. 106-8; Dkt. 106-9. Defendants indicate that they have conferred with both Jensen, Marshall, and their e-discovery vendor to ensure that all relevant and non-privileged materials have been produced. **DENIED**.

- **Request No. 6** – Luken requests that the Court compel the Christensen Trust's and Defendant Curtin's response to his first interrogatory. Both the Trust and Ms. Curtin have subsequently served their responses, although Luken disputes the completeness and usefulness of those responses. **DENIED**.

- **Request No. 7** – Luken requests that the Court compel compliance with interrogatories 2 through 24 and his associated third set of requests for production. This request is the subject of Defendants' protective order discussed above and is **DENIED** in accordance with the grant of that protective order.

- **Request No. 8** – Finally, Luken seeks to compel Defendants to provide dates for depositions he wishes to take. Defendants contend that Luken has not noticed any depositions or accepted any of the deposition dates proposed. The Court expects that the parties will meet and confer to find mutually agreeable dates and times for depositions without the Court's continued intervention. **DENIED**.

## IV. CONCLUSION

The Court's patience wears thin. If the Court is again called on to resolve an unnecessary discovery dispute, it will award attorney's fees to the prevailing party.

Defendants' Motion for a Protective Order [Dkt. 98] is **GRANTED**.

Luken's Motion to Compel Discovery [Dkt. 105] is **DENIED**.

IT IS SO ORDERED.

Dated this 15th day of November, 2017.

Ronald B. Leighton
United States District Judge