HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY G LUKEN III,<br><br>                Plaintiff,<br>     v.<br><br>CHRISTENSEN GROUP INCORPORATED, et al.,<br><br>                Defendants. | CASE NO. C16-5214 RBL<br><br>ORDER ON MOTION FOR PROTECTIVE ORDER |

THIS MATTER is before the Court on Defendants Christensen Group Incorporated (CGI) and Christensen Trust's Motion for Protective Order [Dkt. #148]. Plaintiff Henry Luken noticed depositions to several organizations pursuant to Fed. R. Civ. P. 30(b)(6), including CGI, the Christensen Trust, the accounting firm of Fordham Goodfellow, and the law firm of English & Marshall. CGI and the Christensen Trust seek a protective order from the Court, arguing that Luken's organizational deposition notices are facially overbroad, are not proportional, and would place an unjustifiable burden on the deponents. Luken contends that his deposition notices are reasonable and targeted to the discovery of relevant information in the case.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington govern discovery and the process by which a party notices depositions. Fed. R. Civ. P. 30(b)(6) provides:

> **Notice or Subpoena Directed to an Organization.** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and *must describe with reasonable particularity the matters for examination*. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. *The persons designated must testify about information known or reasonably available to the organization*. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

(Emphasis added). "The goal of the Rule 30(b)(6) requirement is to enable the responding organization to identify the person who is best situated to answer questions about the matter." *See* Wright & Miller, 8A Federal Practice & Procedure § 2103 at 454 (3d ed.). This Rule was intended to prevent the officers or managers of larger organizations from "bandying," the practice of disclaiming knowledge of facts clearly known to the organization. *Id*. at 452–53.

Rule 30(b)(6) depositions, like all other discovery requests are subject to Fed. R. Civ. P. 26's proportionality standards. *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 233 n.3 (E.D. Pa. 2008). Local Civil Rule 26(f) provides "[t]he proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in every case when parties formulate a discovery plan and promulgate discovery requests. To further the application of the proportionality standard in discovery, discovery requests and related responses should be reasonably targeted, clear, and as specific as possible." In circumstances where a party abuses the discovery process, Fed. R. Civ. P. 26(c)(1) permits a party from whom discovery is sought to move for a protective order to safeguard the party from annoyance, embarrassment, oppression, undue burden, or expense.

While Fed. R. Civ. P. 26(b)(1) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," courts have limited discovery where the breadth of subjects and number of topics identified in a 30(b)(6) deposition

notice renders a responding party's efforts to designate a knowledgeable person unworkable. *See e.g., Apple Inc., v. Samsung Elec. Co., Ltd.*, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012).

## II. DISCUSSION

**A.  Protective Order**

Luken sent Rule 30(b)(6) deposition notices to CSL Defendants counsel for the following organizations: CGI, the Christensen Trust, the accounting firm of Fordham Goodfellow, and the law firm of English & Marshall. *See* Dkt. 149-1; Dkt. 149-2; Dkt. 149-3. Defendants contend the deposition notices are overly burdensome and seek information having "little to do with those entities' own activities and organizational knowledge and everything to do with CSL's." Dkt. 154 at 4. Luken asserts that he seeks relevant information and is "entitled to conduct discovery using all the permissible methods including entity depositions under Rule 30(b)(6), to the full scope of permissible discovery and in any sequence." Dkt. 152 at 6.

The Court has reviewed all of the challenged 30(b)(6) deposition notices and concludes that they suffer from the same flaws as Luken's overbroad contention interrogatories and blanket discovery requests that the Court previously struck. *See* Dkt. 125. For example, Luken directs each of the organizations to:

> . . . present one or more representatives properly prepared to testify as to all information known or reasonably available (after a reasonable investigation), including information in the possession of your counsel, to you on the topics set out below. Without limiting the scope of each topic, each topic includes (1) the extent and dates of your involvement with respect to the topic; (2) the substance of facts and details related to each topic; (3) the identity of persons with personal knowledge or discoverable information relating to the topic; (4) the nature, identity substance, and location of all Documents evidencing or relating to each topic; (5) the date, nature, and persons involved in any communications relating to the topic; (6) any damage or prejudice to CSL or any party arising from or related to any topic; and (7) the evidence supporting or contradicting any claim, assertion of misconduct, or defense relating to the topic. This listing of specific examples or sub-topics is not intended to and does not limit the breadth of any topic. Topics intentionally overlap and do not limit any other topic.

Dkt. 149-1 at 3–4; Dkt. 149-2 at 3–4; Dkt. 149 at 3–4. Another request directs the designees for CGI and the Christensen Trust to testify on "[t]he factual basis, details, persons involved, corroborating or contradicting evidence, and other details of Defendants' affirmative defenses" for fourteen different topics, most of which relate to CSL. *Id*. at 14–15.

The purpose of Rule 30(b)(6) is to require an organization to identify and designate a witness who is knowledgeable on the noticed topic, particularly where the noticing party is unable to itself identify an appropriate witness because that knowledge lies within the organization. *See* Wright & Miller, 8A Federal Practice & Procedure § 2103. This rule does not extend to burdening the responding parties with production and preparation of a witness on every facet of the litigation, as Luken's deposition notices seek to do. *See Apple*, 2012 WL 1511901 at *2. While the topics identified in the deposition notices may be relevant, the discovery rules also require that deposition notices be proportional and describe with reasonable particularity the matters of examination. Luken's deposition notices do not meet this standard, and any benefit to Luken is offset by the burden, expense, and impracticable demand imposed on the deponents.

Luken's deposition notices to CGI and the Christensen Trust are also problematic in that they seek to compel those organizations to answer questions that largely have to do with the inner workings of CSL.[1] Rule 30(b)(6) only requires that an organization's designee "testify about information known or reasonably available to the organization." The rule "does not require one entity which is not under the control of a second entity to inquire into and testify as to the knowledge of the second entity." *DSM Desotech Inc. v. 3D Systems Corp.*, 2011 WL 117048, at *8 (N.D. Ill. Jan. 12, 2011) (citing *Covington v. Semones*, 2007 WL 1052460, at *1 (W.D. Va.

---

[1] Indeed, much of topics covered by Luken's deposition notices seem more appropriately directed towards the individual CSL Defendants.

Apr. 5, 2007)). Although there are some commonalities, CGI and the Christensen Trust are not CSL, nor are they under the control of CSL. The Court will not require CGI and the Christensen Trust's designees to familiarize themselves with the broad range of topics contained in Luken's 30(b)(6) notices that are unrelated to those organizations. Accordingly, Defendants' motion for protective order [Dkt. 148] is **GRANTED**.

**B.     Revised 30(b)(6) Notices**

The Court will allow Luken one final opportunity to revise his 30(b)(6) deposition notices. These notices should be proportional to the needs of the case and appropriately tailored to the information reasonably within the scope of each organization's relationship to this lawsuit (i.e. their counterclaims).[2] The deposition notices should also be narrowed to reflect that the Court has dismissed Luken's claims under the Washington vessel dealer trust account statute (RCW § 88.02.770). *See* Dkt. 159. If Luken does not narrow his deposition notices to information reasonably within the scope of each organization's involvement in the lawsuit, he should be prepared to face additional sanctions and go to trial with the discovery currently available to him.

**C.     Sanctions**

The Court's patience with Luken's discovery tactics has run out. The present motion illustrates a reoccurring theme involving Luken's (1) overbroad discovery requests, (2) insistence that his requests are reasonable, (3) questioning opposing counsel's ethics and motives in objecting to his requests, and (4) involvement of the Court after failing to engage in reasonable efforts to meet and confer. Luken bemoans his lack of discovery in this case: "[w]ith no

---

[2] The Court declines movants' invitation to treat the Christensen Trust as an "estate" that is exempt from Rule 30(b)(6) depositions.

significant interrogatory answers and limited relevant documents, Mr. Luken is nearing his last opportunity to discover the evidence supporting and factual basis for Defendants' allegations, defenses, and counterclaims." Dkt. 152 at 5. This is largely a problem of his own making. Luken's discovery tactics appear more designed to make this litigation drawn out and difficult than to lead to production of discoverable information. Luken has lost all four previous discovery disputes, and has been sanctioned twice. The Court cannot recall ever having to sanction a party for its conduct in discovery more than once, yet the Court now sanctions Luken for a third time.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court awards movants' reasonable expenses including attorney's fees incurred in bringing this motion. Defendants shall submit for the Court's review their fees incurred in preparing and replying to the present motion for protective order within seven days of this order.

### III. CONCLUSION

- Defendants' Motion for Protective Order [Dkt. #154] is **GRANTED**.

- Plaintiff Luken has until **May 11, 2018** to narrow the scope of his Rule 30(b)(6) deposition notices for CGI, the Christensen Trust, Fordham Goodfellow, and English & Marshall, in a manner consistent with this order.

- Movants are entitled to a fee award associated with bringing this motion and shall submit for the Court's review their fees incurred in preparing and replying to the present motion by **May 4, 2018**.

IT IS SO ORDERED.

Dated this 27th day of April, 2018.

Ronald B. Leighton
United States District Judge